UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHYLLIS MCCORD, ET AL                     CIVIL ACTION

VERSUS                                     NO. 06-4998

STATE FARM FIRE & CASUALTY            SECTION "C" (3)
COMPANY

ORDER AND REASONS

IT IS ORDERED that:

1. The defendant's motion in limine to exclude opinions and attachments of Leonard Quick is PARTIALLY GRANTED and PARTIALLY DENIED.   (Rec. Doc. 36). Attachments 5/6 (newspaper article), 6/17 (affidavit of Tommy James) and 12 (statement of Joe Perez) are inadmissible hearsay and the attachments 7/8 (videotape by Kenard Jackley), 11/18 (inspection photographs of Louque and other Venetian Isle properties), 13 (photographs of Fletrich and Veade properties) and 14 (photographs of property one mile north of plaintiffs' property) are irrelevant  as dealing with property

1

too far away from the property at issue here.[1]  However, Quick will be allowed to discuss weather data on which he bases his opinion that tornadic wind force rather than storm surge destroyed the plaintiffs' house.  The defendant's objections go to the weight to be given that testimony, not its admissibility.

2.	The defendant's motion in limine to exclude impeachment evidence is GRANTED.  (Rec. Doc. 56).  The plaintiffs have indicated that they are unable to specify which of the 186 pages of deposition testimony may be offered and have not established the relevance of the proposed evidence by establishing substantial similarity between or among the various lawsuits from which the evidence emanates.   The plaintiffs have also failed to establish that the probative value of this evidence would not be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury even if they had established relevance.  The plaintiffs have also failed to address the issue presented by <u>Automobile Insurance Co. v. Campbell</u>, 538 U.S. 408 (2003) in the defendant's motion.   (Rec. Doc. 61, p. 2).

3.	The trial date of September 17, 2007, and the pre-trial conference date of September 10, 2007, at 10:00 a.m. are CONTINUED to be reset at a telephone

---

[1] It appears that the May 7, 2007, expert report refers to some of the attachments with one number at the beginning of the report and a different number at the end.  Both numbers are referenced by the Court along with a description to avoid further confusion.

preliminary pre-trial conference on September 27, 2007, at 10:00 a.m.  It appears to the Court that this matter is far from ready for trial.  It is especially concerned with the unrebutted statement made by the defendant that "the plaintiffs never issued any written discovery to State Farm and never deposed any representative of State Farm in this case."  This statement does clarify why the plaintiffs seek to introduce evidence from other cases on the eve of trial as impeachment evidence.

Moreover, the Court is concerned with the claims and arguments being made by the plaintiffs and the attendant risk of confusion to the jury.  The plaintiffs refer to a "fiduciary duty" in the pre-trial order, the viability of which would need to be established prior to trial. (Rec. Doc. 5).  The plaintiffs also are apparently pursuing a claim that possible disagreement as to the burden of proof that may apply in litigation is indicative of bad faith denial of a claim and "violated" <u>Blackburn v. National Union Fire Ins. Co. of Pittsburgh</u>, 784 So.2d 637 (La. 2001), without any legal authority that any other court has recognized such a claim.  The single listing of contested issues of law in the pre-trial order indicates a number of issues and claims that should be resolved on motion prior to trial.  In addition, the plaintiffs also seem to be challenging the admissibility of the defendant's engineer report without having filed an appropriate motion or even an appropriate objection.  (Rec. Doc. 61, p. 2).

Finally, the plaintiffs repeatedly refer to the relevance of evidence, in conjunction with the proposed impeachment evidence, of "material misrepresentation" and a "scheme to defraud policyholders by manipulating engineer's [sic] reports on the McCord's claim as well as other Katrina claims."  (Exh. 54, pp. 2-4, Exh. 60, pp. 4-9). There is absolutely no indication of fraud having been raised as an issue in the record. The plaintiffs' last-minute efforts to covertly raise the issue with evidence that they did not disclose to the defendant does not add to the Court's confidence in trial readiness, and are not inconsequential.  Under Fed. R. Civ. P.  9(b), "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity."

New Orleans, Louisiana, this 6th day of September, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE