MINUTE ENTRY
KNOWLES, M.J.
MAY 2, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHYLLIS McCORD, ET AL | CIVIL ACTION |
| VERSUS | NO.   06-4998 |
| STATE FARM FIRE & CASUALTY INSURANCE COMPANY | SECTION "C"  (3) |

On this date, Plaintiffs' Motion to Compel **#82** came on for oral hearing before the undersigned Magistrate Judge.

**PRESENT WERE**:   John Denenea on behalf of Phyllis and Paul McCord

Burt Carnahan on behalf of the State Farm

BACKGROUND

This Katrina-related coverage claim was filed in this Court against State Farm on August 28, 2006.  The McCords' lawsuit seeks coverage for the total destruction of their property located on Chef Menteur Highway in the Lake Catherine Subdivision or Lake Catherine Island.  The property is located on a stretch of land located between the Chef Pass and the Rigolets.  Plaintiff's property was insured for wind-related damage by State Farm at the time of the storm: $65,300 dwelling; $6,530.00 other structures and $35,000.00 contents.  The McCords maintained no flood coverage on their property.

State Farm paid an unconditional tender in the amount of $1,679.00 for food content loss

MJSTAR(00:12)

and prohibited use loss. Otherwise, defendant denied the McCords' wind-loss claim. At issue are the cause of the loss and plaintiff's allegations of bad faith.

PLAINTIFF's MOTION TO COMPEL

At issue are plaintiffs' interrogatories and requests for production which, according to the McCords, State Farm failed to fully answer and to provide a privilege log. Defendant highlights that plaintiffs' discovery requests were answered on January 9, 2008 and now, months later and within days of the discovery deadline, plaintiffs complain that the responses are insufficient. State Farm emphasizes that there are thirteen interrogatories and nine different requests for production which are the subject of plaintiffs' motion, but not one of these discovery requests is specifically discussed. Defendant contends that most of the discovery requests at issue were answered subject to its valid objections.

The Court has taken into consideration that State Farm served its discovery responses (including objections) on January 9, 2008 and that plaintiffs did not file the instant motion to compel until April 15, 2008 (noticed it for hearing on April 30, 2008). The McCords' motion to compel is timely only in the sense that it was filed just in time to be heard before the expiration discovery deadline (May 5, 2008). The scheduling order provides: "Depositions for use at trial shall be taken and all discovery *shall be completed* no later than May 5, 2008."[1] Clearly, the deadline contemplates that discovery will be completed by that date. This Court's resolution of the issues below contemplates the close of discovery on May 5, 2007. Plaintiffs' belated request

---

[1]Scheduling Order dated September 27, 2007 (italicized emphasis added) [Doc. # 74].

2

(at the April 30th, 2008 hearing) for production of all responsive documentation (particularly e-mail communications) in electronic, digital and/or native format as opposed to hard copies cannot be accommodated within days of the discovery deadline.  The Court now turns to the four areas of dispute, which are addressed serially below.

I.

Plaintiffs first address Interrogatory # 1, 3, 4 and 13 generally and contend that State Farm failed to identify a single employee who participated in preparing the discovery responses.  In this regard, plaintiffs submit that this is important because Lawrence Keller identified Dean Lambert as having denied the claim, while Interrogatory Response # 13 identified Keller as having denied the claim.  Plaintiffs further emphasize that, while it is evident that Wil Wilcox had some involvement in the adjustment of the McCords' claim, neither Wilcox nor Lambert are identified in State Farm's responses.

State Farm counters that it answered the interrogatories stating that counsel prepared the responses.  Defendant further notes that information regarding the names of people who adjusted the McCords' claim or who supervised the adjustment of plaintiffs' claim can be discerned by reviewing plaintiffs' claims file and defendant's initial disclosures previously produced.  However, State Farm agreed to amend its response to add Wil Wilcox, who is the individual currently handling the file.  As to the identification of Keller, State Farm submits that he signed the denial letter.  Nevertheless, counsel has since learned that the team manager authorized the denial; however, the team manager was not Dean Lambert as plaintiffs' argue.

Considering the first area of dispute,

**IT IS ORDERED** that, <u>**on or before May 7, 2008**</u>, State Farm shall supplement its response to include Wil Wilcox and the name of the team manager who actually authorized the denial of the McCords' claim; in all other respects the plaintiff's motion to compel is denied.

II.

As to Interrogatories 5, 6 and 7 and RFP 5, 6, and 9 addressing State Farm's policies and claims handling practices, plaintiffs object to a protective order.  In this regard, the McCords highlight that the material will be used at trial and become a part of the public record and argue that it deserves no protection as either commercially sensitive or privileged information.  State Farm counters that the motion to compel is moot, except as to the overly broad nature of the requests seeking anything and everything, whether the policies and practices have any bearing on the plaintiffs' claim or not.

This Court agrees that the requests are overly broad and SUSTAINS plaintiff's objections in this regard.  State Farm has already supplemented its response by providing additional materials including non-privileged operations guides, Wind/Water Claim Handling Protocol illustrative of claim handling guidelines applicable to homeowner's claims arising out of Hurricane Katrina, the Claims Handling Practice Guide and 5 Claims Memos specific to Hurricane Katrina Claims in Louisiana without the necessity of a mutually agreeable protective order.  No further response is required.  Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to compel is denied.

III.

Interrogatories 11, 16, 20, 22 and 24 and RFP 26 seek information regarding State Farm's quantification of wind damages sustained by the McCords' property, the number of Katrina homeowner's claims opened by State Farm, the location of the McCords' claim file, the number of claims on which State Farm has retained the same experts as in this case (Danner and Keim) and State Farm's position regarding the "benefit of the doubt" on first party claims. Without further explanation, plaintiffs submit that each of these inquiries is relevant and/or reasonably calculated to lead to the discovery of admissible evidence.

This Court disagrees, particularly considering that the discovery deadline expires next Monday, May 5, 2008. Additionally and as noted by State Farm: Interrogatory #11 was answered without objection; Interrogatory #16 seeking the information regarding the number of claims opened after Katrina is not reasonably related to the issues in the case and cannot lead to the discovery of admissible evidence in light of the May 5th deadline; Interrogatory #20 is deemed satisfied by State Farm's production of the McCords' claim file; and Interrogatory #24 seeking information as to whether first party insureds were accorded the "benefit of every doubt" is vague, obtuse and State Farm cannot be expected to provide responsive factual information. Finally, as to Interrogatory #22 and RFP #26, which seek information as to the number of claims on which two specific engineers worked, as well as production of their invoices, defendant's objection (overly broad) is SUSTAINED. As the defendant points out, the engineers themselves may provide information regarding their experience with State Farm; otherwise, the information

and documents sought are not related to the McCords' claim.  Accordingly,

**IT IS ORDERED** that, as Interrogatories# 11, 16,  20, 22, 24 and RFP #26, plaintiff's motion to compel is denied.

IV.

Area number four includes RFP's 5, 9, 11, 13 and 25 and seeks production of correspondence and particularly e-mail communications separate and apart from those existing in the McCords' claim file.  Plaintiff explains that the existence of "other e-mails" just happened to be discovered in another case, *Anna Margiotta v. State Farm Fire & Casualty Ins. Co.,* 06cv4272 "N"(1).  In that case, the initial production did not yield all e-mail communications relative to Margiotta's claim.  Only after additional discovery did State Farm produce numerous e-mail communications that were not produced with the claims file.  It became apparent to the Court at the hearing of the McCords' discovery motion that the targeted discovery was any "Special Handling Unit (SHU) report(s)" issued, if any, with respect to the McCords' claim.

State Farm highlights the overly broad nature of the plaintiffs' requests and that "any and all" includes *post*-litigation privileged communications with counsel.  State Farm has agreed to supplement its production with any non-privileged e-mail communications that were not included in the production of the McCords' claim file.  State Farm emphasizes and the Court agrees that the requests are exceedingly over broad and contemplate the production of post-litigation privileged communications.  In this regard and for example, RFP #5 seeks all correspondence of everyone who worked on plaintiff's claim on any topic written at any time.

6

The Court SUSTAINS the defendant's objection regarding the overly broad scope of the plaintiffs' requests.

Accordingly and pursuant to the agreement of State Farm,

**IT IS ORDERED** that, as to RFP RFP's 5, 9, 11, 13 and 25, is granted *in part* in that, on or before May 7, 2008, State Farm shall supplement its response by providing hard copies of any non-privileged e-mail communications which were not part of the McCords' claim file that was previously produced, if any such e-mail communications exist.  If no such communications exist, State Farm shall so respond.  As to the specific request for any SHU Report(s) issued with respect to the McCords' claim, State Farm shall indicate whether any such report(s) issued and, if so, produce said report(s) to the plaintiffs if there is no claim of privilege with respect thereto and/or produce same *in camera* together with a privilege log for review by the undersigned.  This shall be accomplished on or before May 7, 2008.  In all other respects, plaintiffs' motion is denied as to the fourth and last category of discovery.

_____
DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE